UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CRAIG S. FEHLHABER,

        Plaintiff,      6:09-CV-1380

  v.

BOARD OF EDUCATION of the UTICA CITY
SCHOOL DISTRICT; and JAMES WILLIS,
Superintendent of Schools of the Utica City
School District,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:          OF COUNSEL:

O'HARA, O'CONNELL LAW FIRM    DENNIS G. O'HARA, ESQ.
Attorneys for Plaintiff         DOMINIC S. D'IMPERIO, ESQ.
7207 East Genesee Street
Fayetteville, NY 13066

OFFICE OF FRANK W. MILLER     FRANK W. MILLER, ESQ.
Attorneys for Defendants       BRYAN N. GEORGIADY, ESQ.
6575 Kirkville Road
East Syracuse, NY 13057

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

  Plaintiff Craig Fehlhaber ("plaintiff" or "Fehlhaber") brings this employment discrimination action against the Board of Education of the Utica City School District ("District") and Superintendent of Schools, James Willis ("Willis"), seeking $1 million in damages. Plaintiff alleges seven causes of action as follows: (1) deprivation of a liberty interest in his reputation; (2) violation of due process; (3) restraint on his right to free

speech; (4) breach of contract; (5) defamation by Willis; (6) injurious falsehood by Willis; and (7) attorneys' fees for the instant litigation and the prior Section 75 administrative proceeding.

Defendants have filed a 12(b)(6) motion to dismiss all but the free speech and attorneys' fees claims. Because this motion was filed eight months after defendants' responsive pleading, the motion is construed as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). See Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). The standard for granting a 12(c) judgment on the pleadings is "identical" to that of a 12(b)(6) motion to dismiss. Id. Therefore, the following factual assertions made in Fehlhaber's complaint must be accepted as true. Cooper v. Pate, 378 U.S. 546, 84 S. Ct. 1733 (1964).

## II. FACTUAL BACKGROUND

Fehlhaber has been employed by the District since March 1998 and was permanently appointed to the position of Superintendent of Buildings and Grounds on March 26, 2002. On July 12, 2006, the parties entered into a written employment agreement. See Dkt. No. 1, Ex. A. A plan to terminate plaintiff's employment was conceived and implemented by a Board member and three District administrators in 2006 and early 2007. In December 2006, the Board member held a press conference concerning a new capital project. During this conference, he waved a newspaper article regarding a previous District project that was tainted by a state investigation and vowed to prevent a "repeat performance." This act impliedly defamed Fehlhaber, who was widely known to be actively involved in the previous project.

Despite having no prior negative evaluations in his personnel file, Fehlhaber was suspended from his position on April 12, 2007, and charged with approximately 160 specific instances of misconduct pursuant to New York Civil Service Law.  A Section 75 hearing was held over the course of 16 months—from May 2007 through August 2008.  In a written decision dated December 27, 2008, the hearing officer found plaintiff guilty of six violations and recommended that he remain suspended until February 17, 2009.  Plaintiff did not pursue an Article 78 challenge to this administrative hearing.

The defendants "completely fabricated" the charges brought against Fehlhaber, "hand-picked" a biased hearing officer, refused to comply with subpoenas, withheld relevant exculpatory evidence, destroyed electronic mail, falsely testified, and intentionally prolonged the hearing in an effort to exhaust his financial and emotional resources. During plaintiff's suspension, he did not receive the annual longevity payment of $1,800 nor the annual pay raise required by the employment agreement.

Upon returning to his position on February 17, 2009, Fehlhaber's office was relocated to a former storage closet without a telephone, he was no longer provided with a vehicle or keys to the buildings he was charged with inspecting, his responsibilities were significantly reduced, and he was forced to share duties with another employee.  Further, Willis ordered him not to speak with anyone but his secretary without prior approval from Willis.  Plaintiff faced harassment from Willis in retaliation for speaking at Board meetings.

Willis has made disparaging statements to plaintiff in the presence of others.  Such comments include: (1) "no one in the District has confidence in you"; (2) "as far as I'm concerned, some of the charges you were charged with you should have been fired. I'm very uncomfortable with you handling these things"; and (3) "It was shoddy workmanship

and borderline criminal behavior.  Weren't you responsible for this?  I don't give a God damn about statutes of limitations, I am going to have this investigated."

Additionally, Willis is quoted in the press claiming that: (1) he "looked at areas [Fehlhaber] was found guilty of and adjusted his duties"; (2) "it's at my discretion as to whether I have him do those duties"; (3) "The job was not being done correctly before, I don't want the district going back to a position where the work is not being done correctly"; and (4) plaintiff "failed" to perform his job properly in the past.  See Dkt. No. 1, Exs. B & C.

## III. DISCUSSION

As noted above, the defendants have moved to dismiss five of the seven causes of action in the complaint.  Defendants are not seeking dismissal of the third cause of action for restraint on plaintiff's freedom of speech nor the seventh cause of action regarding attorneys' fees.  Dkt. No. 29.

### A. First Cause of Action: Violation of Liberty Interest

Plaintiff's claim that he was deprived of a liberty interest in his reputation without due process has been labeled a "stigma-plus" claim.  Monserrate v. New York State Senate, 599 F.3d 148, 158 (2d Cir. 2010).  To be successful on such a claim, plaintiff must prove: (1) the utterance of a statement that is injurious to his reputation or denigrates his competence; (2) the statement is capable of being proved false, and plaintiff claims it is false; (3) the statement was made public; and (4) the statement was made "in the course of a discharge or significant demotion."  Hennigan v. Driscoll, No. 5:06-CV-426, 2009 WL 3199220, at *6 (N.D.N.Y. 2009) (Scullin, J.).

The final element constitutes the "plus" part of the claim.  Courts have required a "significant alteration of plaintiff's employment status" in order to show the plus factor.

Patterson v. City of Utica, 370 F.3d 322, 332 (2d Cir. 2004).  Patterson, who was rehired two weeks after being terminated, did not have standing for a stigma-plus claim because "his time off the job is more analogous to a suspension than a termination of employment." Id.; see also Dobosz v. Walsh, 892 F.2d 1135, 1140 (2d Cir. 1989) (plaintiff who was reinstated after a five-month suspension did not suffer "a related alteration of his legal status" to give rise to a protected liberty interest); Ethier v. City of Cohoes, No. 1:02-CV-1584, 2006 WL 1007780, at *5 (N.D.N.Y. 2006) (McAvoy, J.) (suspended police officer failed to show the deprivation of a tangible interest because he "was not terminated from his employment").

Although Fehlhaber can arguably satisfy the first three elements by pointing to the Board member's press conference and Willis's statements[1], he was never discharged or significantly demoted.  Plaintiff fails to explain how, or cite any case law to support his claim that, a reduction in employment duties equates to being "significantly demoted" for purposes of a stigma-plus claim.  Therefore, he cannot satisfy the fourth element of this cause of action.

Accordingly, plaintiff's stigma-plus claim will be dismissed.

### B. Second Cause of Action: Due Process Violation

In order to survive a motion to dismiss a due process claim under section 1983, a plaintiff "must allege the deprivation of a constitutionally protected interest." Abramson v. Pataki, 278 F.3d 93, 99 (2d Cir. 2002).  To constitute a protected interest, the plaintiff must

---

[1] Plaintiff cannot rely on the negative inferences drawn by the public from his suspension or decreased responsibilities to make out a stigma-plus claim.  See O'Connor v. Pierson, 426 F.3d 187, 195 (2d Cir. 2005) (holding that even if "townsfolk drew negative inferences from his suspension, this is not enough to make out a stigma-plus claim").

have "a legitimate claim of entitlement" to the interest. Bd. of Regents v. Roth, 408 U.S. 564, 577, 92 S. Ct. 2701, 2709 (1972). The issue therefore becomes whether Fehlhaber had a legitimate claim of entitlement to the full responsibilities and duties of the Superintendent position.

New York law establishes that a permanent civil servant has a protected property interest in his employment. Conticello v. County of Westchester, 199 F.3d 1321, 1321 (2d Cir. 1999). However, plaintiff fails to cite any case law finding a protected interest in retaining full employment duties.[2] On the contrary, it has been held that New York law does not create an interest "in retaining an assignment to a particular division." Arteta v. County of Orange, 141 Fed. Appx. 3, 7 (2d Cir. 2005) (sheriff's officers were not deprived of a constitutionally protected property interest by lateral transfers that limited their ability to earn overtime). The Second Circuit has affirmed the dismissal of a teacher's due process claim brought in response to changed working conditions, class assignment, and duties. Bernheim v. Litt, 79 F.3d 318, 323 (2d Cir. 1996) (stating that "alterations of working conditions . . . cannot provide a basis for a constitutional claim and . . . may be redressed through employee grievance procedures and an Article 78 proceeding in state court").

While Fehlhaber's employment duties and working conditions were altered upon his return in February 2009, he was not terminated or formally demoted. Further, plaintiff

---

[2] A court can also look to the relevant employment contract to find a protected property interest. Arteta v. County of Orange, 141 Fed. Appx. 3, 6–7 (2d Cir. 2005). However, the employment agreement here addresses Fehlhaber's responsibilities only in the context of mandating that he perform all duties "as outlined in the Civil Service Specifications . . . and such other related duties as may be assigned." Dkt. No. 1, Ex. A, ¶ 4.

acknowledges that he was reinstated to full salary. Dkt. No. 33, at 11. Plaintiff therefore has not been deprived of a protected property interest.

Accordingly, his due process claim will be dismissed.

### C. Fourth Cause of Action: Breach of Contract

It is undisputed that there was a binding written employment agreement between the parties. However, the parties disagree over the effect of the termination clause located at paragraph 14 in the employment agreement.

When considering a motion to dismiss, a court "should resolve any contractual ambiguities in favor of the plaintiff." Subaru Distribs. Corp. v. Subaru of Am., Inc., 425 F.3d 119, 122 (2d Cir. 2005). Further, "[u]nless for some reason an ambiguity must be construed against the plaintiff, a claim predicated on a materially ambiguous contract term is not dismissible on the pleadings." Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co., 375 F.3d 168, 178 (2d Cir. 2004).

Defendants maintain that subsection 14(b) terminated the employment agreement when Fehlhaber was suspended in April 2007 and, therefore, the contract could not possibly have been breached thereafter. At first glance, defendants' interpretation of the termination clause appears accurate. Paragraph 14 begins: "This Agreement may be terminated . . . upon the happening of any of the following events:". Id. Following this sentence is a list of three subsections that seemingly constitute the "events" referred to. Subsection (b) lists the suspension of the Superintendent and thus seems to be an event that would trigger the contract's termination.

However, plaintiff's interpretation is also reasonable. Fehlhaber argues that subsection (b) is purely procedural and does not provide an independent basis to

terminate the contract. Plaintiff's assertion that subsection (b) is not an "event" triggering termination is supported by subsection (c), which makes the hearing officer's decision binding and is clearly not an "event." Further, if subsection (b) is read to terminate the contract immediately upon suspension, then subsection (c) is unnecessary and useless.

Because Fehlhaber's interpretation is plausible, and since any ambiguity must be construed in favor of plaintiff, the motion to dismiss this claim is denied.

### D.  Fifth Cause of Action: Defamation By Willis

### 1. Pleading Requirements

A pleading sufficiently states a cause of action for defamation if it adequately identifies the statement, when it was made, and to whom it was communicated. Ives v. Guilford Mills, Inc., 3 F. Supp. 2d 191, 199 (N.D.N.Y. 1998) (Kahn, J.). In Ives, the court found that the plaintiff sufficiently identified to whom the statement was communicated by noting the defendant remarked to "employees" of the company. Id.

Fehlhaber identifies seven allegedly defamatory statements made by Willis:

(1) "The job was not being done correctly before, I don't want the district going back to a position where the work is not being done correctly." Dkt. No. 1, Ex. C (statement printed in the Observer-Dispatch on February 18, 2009);

(2) "We'll structure the department to ensure all work is performed correctly. Maybe the job duties were too broad and maybe that's why [Fehlhaber] failed." Id.;

(3) "It's at my discretion as to whether I have him do those duties." Dkt. No. 1, Ex. B (statement printed in the Observer-Dispatch on February 17, 2009);

(4) "I've looked at the areas he was found guilty of and adjusted his duties." Id.

- 8 -

(5) "As far as I'm concerned, some of the charges you were charged with . . . you should have been fired. I'm very uncomfortable with you handling these things." Dkt. No. 1, ¶¶ 42(c) & 75 (statement made by Willis during a meeting in August 2009);

(6) "It was shoddy workmanship and borderline criminal behavior. Weren't you responsible for this? I don't give a God damn about statutes of limitations, I am going to have this investigated." See id. at ¶¶ 42(d) & 76 (statement made by Willis during a meeting in August 2009); and

(7) "No one in the District has confidence in you." Id. at ¶¶ 42(s) & 71 (statement made by Willis on February 17, 2009).

The complaint therefore sufficiently identifies the particular words of the statements and adequately identifies when each statement was made. Further, plaintiff claims that "other District employees" were present at the August 2009 meetings, and "other District administrators" were present when the statement regarding confidence in Fehlhaber was made. Id. at ¶¶ 71, 75, 76. Therefore, the pleading sufficiently raises a cause of action for defamation.[3]

### 2. Elements and Legal Standard of a Defamation Claim

In New York, the elements of a defamation claim include: "(1) a false and defamatory statement of fact, (2) regarding plaintiff, (3) the publication of the written or oral statements to a third party, and (4) injury to the plaintiff." Ives, 3 F. Supp. 2d at 199 (citing Weldy v. Piedmont Airlines, Inc., 985 F.2d 57, 61 (2d Cir. 1993)).

---

[3] Although plaintiff did not specifically include statements made by the Board member (Pellegrino) in his defamation claim, these statements would fail because Fehlhaber does not identify the exact words used or to whom they were communicated. See Dkt. No. 1, ¶¶ 15–18, 27, 29, 63–65.

On a motion to dismiss, "the legal question for the court . . . is whether the contested statements are reasonably susceptible of a defamatory connotation." Armstrong v. Simon & Schuster, Inc., 85 N.Y.2d 373, 380 (N.Y. 1995). To be actionable, the statement must be one of fact, not mere opinion or "rhetorical hyperbole." Greenbelt Coop. Publ'g Ass'n v. Bressler, 398 U.S. 6, 14, 90 S. Ct. 1537, 1542 (1970). Whether a statement expresses fact or opinion is a question of law for the court and must be determined "on the basis of what the average person hearing or reading the communication would take it to mean." Steinhilber v. Alphonse, 68 N.Y.2d 283, 290 (N.Y. 1986).

Even an expression of opinion becomes actionable if the statement "implies that it is based upon facts which justify the opinion but are unknown to those reading or hearing it." Steinhilber, 68 N.Y.2d at 289. Moreover, if the statements are "substantially true (minor inaccuracies are acceptable), the claim to recover damages for libel must fail." Ciuffetelli v. Apple Bank For Sav., No. 99-7741, 2000 WL 340388, at *3 (2d Cir. 2000) (internal quotation marks omitted).

Statements one and two above survive the motion to dismiss. An average reader would take these statements, uttered by the District Superintendent, as fact. Both statements reflect negatively on Fehlhaber's professional reputation.

Statements three and four must be excluded from the defamation claim because they are substantially true. As Fehlhaber's immediate supervisor, Willis maintained some discretion over the plaintiff's employment duties. Indeed, the employment agreement provides that Fehlhaber shall perform "duties as may be assigned by the Superintendent." Dkt. No. 1, Ex. A, ¶ 4(a). Further, Willis's assertion that he adjusted plaintiff's duties

based on the "areas he was found guilty" is supported by the complaint. Plaintiff acknowledges that he was found guilty of six, albeit minor, violations. Dkt. No. 1, ¶ 37. Fehlhaber also acknowledges the alteration of his employment duties throughout his complaint. See Dkt. No. 1, ¶ 42. Accordingly, statements three and four cannot support a defamation claim.

Considering the overall context and language used in statement five, an average listener would likely view this as an opinion. Willis states "[a]s far as I'm concerned", clearly indicating that what follows is his opinion. Accordingly, statement five cannot support a defamation claim.

Statements six and seven, while arguably Willis's opinion that plaintiff's prior work was "borderline criminal" and that nobody has confidence in him, could lead a listener to believe such claims are based on facts. It is reasonable for an average listener to assume that as Superintendent, Willis is privy to information and communications that others are not. Accordingly, these statements survive the motion to dismiss because an average listener could imply that they are based on facts unknown to the listener.

In sum, statements one, two, six, and seven survive the motion to dismiss.

### 3. Reckless Disregard

In addition to the above elements, a public figure plaintiff must show that the statement was made with knowledge that it was false or with a reckless disregard for its truth. New York Times Co. v. Sullivan, 376 U.S. 254, 279–80, 84 S. Ct. 710, 726 (1964). Plaintiff claims that the statements were made as part of a wide-ranging malicious scheme to tarnish his professional reputation and force him to quit. The alleged conspiracy against Fehlhaber is a factual dispute between the parties that cannot be decided on a motion to

dismiss. Further, the absence of any negative employment evaluations or critical memoranda in Fehlhaber's personnel file prior to his suspension in 2007 raises a triable issue about the falsity of statements regarding his competence.

Finally, the "resolution of the falsity and actual malice inquiries typically requires discovery." Church of Scientology Int'l v. Behar, 238 F.3d 168, 173 (2d Cir. 2001). Discovery is not due in this case until April 1, 2011. Dkt. No. 26. Thus, it is premature to decide the issue of falsity and actual malice.

### 4. Injury

Where plaintiff alleges defamation per se, there is no need to show special damages. Liberman v. Gelstein, 80 N.Y.2d 429, 435 (N.Y. 1992). Defamation per se requires "statements reasonably understood as imputing fraud, dishonesty, incompetence, incapacity, or unfitness in the performance of plaintiff's trade." Ives, 3 F. Supp. 2d at 200 (internal quotation marks and citation omitted). The Ives court found an employer's declaration that he would not continue the "old management practice of letting things go out the back door" to constitute defamation per se because it "can reasonably be understood to impute a dishonest character to plaintiff's business activities that goes beyond a mere failure to live up to expectations." Id. at 199–200.

Fehlhaber alleges that Willis's defamatory statements caused injury to his professional reputation. Willis's statements regarding Fehlhaber's past performance can reasonably be considered to impute incompetence to his professional reputation. Thus, the statements constitute defamation per se, and there is no need to show special damages.

Accordingly, defendants' motion to dismiss the fifth cause of action for defamation will be denied.[4]

### E. Sixth Cause of Action: Injurious Falsehood By Willis

The parties agree that the claim for injurious falsehood should be dismissed as it is duplicative of the above defamation claim.

## IV. CONCLUSION

As a result of the above, the third (restraint on freedom of speech), fourth (breach of contract), fifth (defamation by Willis), and seventh (attorneys' fees) causes of action remain for trial.

Therefore, it is

ORDERED, that

1. Defendants' motion to dismiss is GRANTED in part and DENIED in part;

2. The first, second, and sixth causes of action are DISMISSED; and

3. The fourth and fifth causes of action are NOT DISMISSED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: October 29, 2010
       Utica, New York.

---

[4] Statements three, four, and five may be background but will not be a direct part of the defamation claim.